## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ALLIANZ UNDERWRITERS INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AMERICAN INSURANCE COMPANY, ARGONAUT INSURANCE COMPANY, CENTURY INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND THE LONDON MARKET INSURANCE COMPANIES, EMPLOYERS INSURANCE COMPANY OF WAUSAU, EVANSTON INSURANCE COMPANY, FIRST STATE INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, HARBOR INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, INTERSTATE REINSURANCE CORPORATION, LANDMARK INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, MUNICH REINSURANCE AMERICA, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, NATIONWIDE MUTUAL INSURANCE COMPANY, NORTHWESTERN NATIONAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| PACIFIC INSURANCE COMPANY, | ) |
| YASUDA FIRE & MARINE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| YOSEMITE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff, National Railroad Passenger Corporation ("Amtrak"), for its Complaint for a declaratory judgment and damages against Defendants, alleges as follows:

### NATURE OF THE ACTION

1. Pursuant to 28 U.S.C. §§ 2201 and 2202, Amtrak seeks a declaration of the rights, duties, and obligations of the parties under the liability insurance policies sold by the Defendant insurance companies, and their predecessors, to Amtrak. Because Defendants have refused to pay Amtrak's defense and liability costs associated with certain environmental sites and bodily injury claims, actual controversies exist between the parties for which a judgment setting forth their respective rights and obligations is necessary. Amtrak also seeks damages because of certain Defendants' breach of contract.

### PARTIES

2. Plaintiff Amtrak is a corporation organized under the Rail Passenger Service Act of 1970, 49 U.S.C. § 24701 *et seq*.

3. Defendant Allianz Underwriters Insurance Company ("Allianz") is a California corporation whose principal place of business is in Chicago, Illinois. At all relevant times,

Allianz was authorized to do business and conducted and transacted business in the District of Columbia.

4. Defendant Allstate Insurance Company is a Delaware corporation whose principal place of business is in Northbrook, Illinois. Allstate Insurance Company is the successor to Northbrook Excess & Surplus Insurance Company and Northbrook Insurance Company (together "Allstate"). At all relevant times, Allstate was authorized to do business and conducted and transacted business in the District of Columbia.

5. Defendant American Home Assurance Company ("American Home") is a New York corporation whose principal place of business is in New York, New York. At all relevant times, American Home was authorized to do business and conducted and transacted business in the District of Columbia.

6. Defendant American Insurance Company ("American Insurance") is an Ohio corporation whose principal place of business is in Chicago, Illinois. At all relevant times, American Insurance was authorized to do business and conducted and transacted business in the District of Columbia.

7. Defendant Argonaut Insurance Company ("Argonaut") is an Illinois corporation whose principal place of business is in San Antonio, Texas. At all relevant times, Argonaut was authorized to do business and conducted and transacted business in the District of Columbia.

8. Defendant Century Indemnity Company is a Pennsylvania corporation whose principal place of business is in Philadelphia, Pennsylvania. Century Indemnity Company is the successor to California Union Insurance Company and Insurance Company of North America

(together "Century Indemnity").  At all relevant times, Century Indemnity was authorized to do business and conducted and transacted business in the District of Columbia.

9. Defendant Certain Underwriters at Lloyd's London include individuals who compose Syndicates organized under the laws of the United Kingdom with their principal place of business in London, U.K.  Defendants London Market Insurance Companies are corporations organized under the laws of the United Kingdom with their principal place of business in London, U.K.  At all relevant times, Certain Underwriters at Lloyd's London and the London Market Insurance Companies (together "London") conducted and transacted business in the District of Columbia.

10. Defendant Employers Insurance Company of Wausau ("Wausau") is a Wisconsin corporation whose principal place of business is in Boston, Massachusetts.  At all relevant times, Wausau was authorized to do business and conducted and transacted business in the District of Columbia.

11. Defendant Evanston Insurance Company ("Evanston") is an Illinois corporation whose principal place of business is in Deerfield, Illinois.  At all relevant times, Evanston was authorized to do business and conducted and transacted business in the District of Columbia.

12. Defendant First State Insurance Company ("First State") is a Connecticut corporation whose principal place of business is in Boston, Massachusetts.  At all relevant times, First State was authorized to do business and conducted and transacted business in the District of Columbia.

13.     Defendant Granite State Insurance Company ("Granite State") is a Pennsylvania corporation whose principal place of business is in New York, New York.  At all relevant times, Granite State was authorized to do business and conducted and transacted business in the District of Columbia.

14.     Defendant Harbor Insurance Company ("Harbor Insurance") is an Oklahoma corporation whose principal place of business is in Tulsa, Oklahoma.  At all relevant times, Harbor Insurance was authorized to do business and conducted and transacted business in the District of Columbia.

15.     Defendant Insurance Company of the State of Pennsylvania ("Insurance Co. of Pa") is a Pennsylvania corporation whose principal place of business is in New York, New York.  At all relevant times, Insurance Co. of Pa was authorized to do business and conducted and transacted business in the District of Columbia.

16.     Defendant Interstate Reinsurance Corporation ("Interstate Re") is an Illinois Corporation whose principal place of business is in Chicago, Illinois. At all relevant times, Interstate Re was authorized to do business and conducted and transacted business in the District of Columbia.

17.     Defendant Landmark Insurance Company ("Landmark") is a California corporation whose principal place of business is in Boston, Massachusetts.  At all relevant times, Landmark was authorized to do business and conducted and transacted business in the District of Columbia.


13.     Defendant Granite State Insurance Company ("Granite State") is a Pennsylvania corporation whose principal place of business is in New York, New York.  At all relevant times, Granite State was authorized to do business and conducted and transacted business in the District of Columbia.

14.     Defendant Harbor Insurance Company ("Harbor Insurance") is an Oklahoma corporation whose principal place of business is in Tulsa, Oklahoma.  At all relevant times, Harbor Insurance was authorized to do business and conducted and transacted business in the District of Columbia.

15.     Defendant Insurance Company of the State of Pennsylvania ("Insurance Co. of Pa") is a Pennsylvania corporation whose principal place of business is in New York, New York.  At all relevant times, Insurance Co. of Pa was authorized to do business and conducted and transacted business in the District of Columbia.

16.     Defendant Interstate Reinsurance Corporation ("Interstate Re") is an Illinois Corporation whose principal place of business is in Chicago, Illinois. At all relevant times, Interstate Re was authorized to do business and conducted and transacted business in the District of Columbia.

17.     Defendant Landmark Insurance Company ("Landmark") is a California corporation whose principal place of business is in Boston, Massachusetts.  At all relevant times, Landmark was authorized to do business and conducted and transacted business in the District of Columbia.

18.     Defendant Lexington Insurance Company ("Lexington") is a Delaware corporation whose principal place of business is in Boston, Massachusetts.  At all relevant times, Lexington was authorized to do business and conducted and transacted business in the District of Columbia.

19.     Defendant Munich Reinsurance America, Inc. is a Delaware Corporation whose principal place of business is in Princeton, New Jersey.  Munich Reinsurance America, Inc. is the successor to American Reinsurance Company (together "Munich Re").  At all relevant times, Munich Re was authorized to do business and conducted and transacted business in the District of Columbia.

20.     Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation whose principal place of business is in New York, New York.  At all relevant times, National Union was authorized to do business and conducted and transacted business in the District of Columbia.

21.     Defendant Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business in Columbus, Ohio.  At all relevant times, Nationwide was authorized to do business and conducted and transacted business in the District of Columbia.

22.     Defendant Northwestern National Insurance Company is a Wisconsin corporation whose principal place of business is in West Chester, Ohio.  Northwestern National Insurance Company (together "Northwestern National") is the successor to Bellefonte Insurance Company.  At all relevant times, Northwestern National was authorized to do business and transacted business in the District of Columbia.

23. Defendant Pacific Insurance Company ("Pacific Insurance") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. At all relevant times, Pacific Insurance was authorized to do business and conducted and transacted business in the District of Columbia.

24. Defendant Yasuda Fire & Marine Insurance Company of America ("Yasuda") is a New York corporation whose principal place of business is in New York, New York. At all relevant times, Yasuda was authorized to do business and conducted and transacted business in the District of Columbia.

25. Defendant Yosemite Insurance Company ("Yosemite") is an Indiana corporation whose principal place of business is in Evansville, Indiana. At all relevant times, Yosemite was authorized to do business and conducted and transacted business in the District of Columbia.

## JURISDICTION AND VENUE

26. Subject matter jurisdiction exists over this action under 28 U.S.C. §§ 1331 and 1349, because Amtrak was created by an Act of Congress and the United States government owns more than half of Amtrak's stock.

27. Personal jurisdiction exists over each Defendant because the Defendants' contacts with the District of Columbia, including their sale of insurance policies to Amtrak and others in the District of Columbia, satisfy the constitutional requirement of minimum contacts with the forum.

28.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district, and Plaintiff Amtrak suffered damages in this district.

## FACTUAL BACKGROUND

### The Insurance Policies

29.     From 1972 to 1986, Amtrak purchased excess general liability insurance policies from each of the Defendants (the "Amtrak Policies") to protect itself from liability incurred as a result of its business activities.

30.     Amtrak paid substantial premiums to purchase the Amtrak Policies. The Amtrak Policies require Defendants to indemnify Amtrak for defense costs and all sums that Amtrak becomes legally obligated to pay as a result of bodily injury or property damage, as long as any part of the bodily injury or property damage for which Amtrak is liable occurred during the policy period. The contractual obligations of Defendants are subject to the limits of liability stated in each of the policies.

31.     The policy numbers, periods and limits of the Amtrak Policies are identified in the schedule of insurance policies attached as Schedule A, which is incorporated by reference as if fully set forth herein.

32.     Pursuant to 49 U.S.C. § 24301(f) (1994), *originally* 45 U.S.C. § 546(d) (1970), *repealed* Dec. 2, 1997, the Amtrak Policies are governed by and are to be interpreted under the laws of the District of Columbia.

## The Claims

### Property Damage Claims

33. Amtrak seeks insurance coverage in this action for (i) defense costs and liability ("Property Damage Claims") related to various environmental sites located throughout the United States (collectively, the "Sites") including, but not limited to, Delaware, New York, and Illinois.

34. Environmental property damage happened at each of the Sites during the periods of the Amtrak Policies.

35. Amtrak has conducted, and will conduct, investigation and clean-up activities at the Sites pursuant to orders and directives from regulatory agencies.

36. Amtrak has complied with all terms and conditions of the Amtrak Policies, including payment of premiums and providing notice of the Property Damage Claims to the Defendants.

37. Amtrak is entitled to all benefits provided by the Amtrak Policies.

38. Amtrak has incurred to date more than $40,000,000 in costs to investigate and remediate the Sites and will continue to incur costs to defend, investigate and resolve its liabilities at the Sites.

39. The Defendants have failed to indemnify Amtrak for Amtrak's defense costs and liability and have refused to provide insurance coverage related to the Property Damage Claims.

**Bodily Injury Claims**

40. Amtrak seeks insurance coverage in this action for defense costs and liability related to third-party bodily injury claims related to: (i) exposure to asbestos; (ii) hearing loss; (iii) repetitive stress injury; and (iv) exposure to deleterious substances (collectively, the "Bodily Injury Claims") (collectively, the Property Damage Claims and Bodily Injury Claims are the "Liability Claims").

41. The bodily injuries alleged in the Bodily Injury Claims occurred during the periods of the Amtrak Policies and occurred in a multitude of States and jurisdictions nationwide.

42. Amtrak has incurred, and will continue to incur, substantial costs in defending against, settling or otherwise resolving the Bodily Injury Claims.

43. Amtrak has complied with all terms and conditions of the Amtrak Policies, including payment of premiums and providing notice of the Bodily Injury Claims to the Defendants.

44. Amtrak is entitled to all benefits provided by the Amtrak Policies.

45. Amtrak has incurred to date more than $92,000,000 in defense and liability costs in connection with the Bodily Injury Claims.

46. The Defendants have failed to indemnify Amtrak for Amtrak's defense costs and liability and have refused to provide insurance coverage related to the Bodily Injury Claims.

## **FIRST CLAIM FOR RELIEF**

47.     Amtrak repeats each and every allegation contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     The insurance policies at issue in this action provide Amtrak with insurance coverage for defense costs and liability arising from property damage and bodily injury.

49.     The Defendants are obligated to indemnify Amtrak for Amtrak's payment of its defense costs and liabilities associated with the Property Damage Claims and Bodily Injury Claims during the periods of the Amtrak Policies.

50.     Amtrak suffered environmental property damage at the Sites during the periods of the Amtrak Policies.

51.     Amtrak has incurred defense costs and liabilities as a result of the Property Damage Claims.

52.     The bodily injuries alleged in the Bodily Injury Claims occurred during the periods of the Amtrak policies.

53.     Amtrak has incurred defense costs and liabilities as a result of the Bodily Injury Claims.

54.     The Defendants have failed to indemnify Amtrak with respect to its defense costs associated with the Liability Claims.

55.     The Defendants have failed to indemnify Amtrak with respect to costs of cleanup and settlement associated with the Liability Claims.

56. An actual and justifiable controversy currently exists between Amtrak and Defendants with respect to the duties and obligations of Defendants under the Amtrak Policies to indemnify Amtrak for Amtrak's payment of its defense costs and liabilities incurred in connection with the Liability Claims.

57. Amtrak thus seeks a judicial determination by this Court of the obligation of Defendants to indemnify Amtrak with regard to its defense costs and liabilities arising from the Liability Claims. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

## SECOND CLAIM FOR RELIEF

58. Amtrak reasserts the allegations of Paragraphs 1 through 57 as if fully set forth herein.

59. Certain of the Defendants have breached the terms of the Amtrak Policies in the following respects:

    (a) Certain of the Defendants have failed to indemnify Amtrak for, or pay any of, Amtrak's defense costs in connection with the investigations of environmental property damage associated with the Sites;

    (b) Certain of the Defendants have failed to indemnify Amtrak for, or pay any of, Amtrak's liability in connection with the cleanup of environmental property damage associated with the Sites;

    (c) Certain of the Defendants have failed to indemnify Amtrak for, or pay any of, Amtrak's defense costs in connection with the Bodily Injury Claims; and

(d) Certain of the Defendants have failed to indemnify Amtrak, or pay any of, Amtrak's liability in connection with the Bodily Injury Claims;

60. As a direct and proximate result of certain of the Defendants' breaches of contract, those Defendants have deprived Amtrak of the benefit of the insurance coverage for which Amtrak paid substantial premiums.

61. As a direct and proximate result of certain of the Defendants' breaches of contract, Amtrak has sustained and will sustain substantial damages, in an amount to be determined at trial, including but not limited to, the sums spent and to be spent to investigate, defend, and resolve the environmental property damage associated with the Sites and the sums spent and to be spent to resolve and settle the Bodily Injury claims including, without limitation, attorney's fees, litigation expenses, defense costs, and interest.

**PRAYER FOR RELIEF**

WHEREFORE, Amtrak requests a judgment against each Defendant as follows:

(a) On the First Claim for Relief, that this Court determine and declare that each Defendant is obligated under its respective Amtrak Policy or Policies to indemnify Amtrak for Amtrak's payment of its defense costs and liability associated with the Liability Claims, subject to policy limits.

(b) On the Second Claim for Relief, for damages in an amount to be determined at trial.

(c) On all claims for relief, for Amtrak's reasonable attorneys' fees, interest, costs, and the expenses of this action.

(d) For such other and further relief as this Court deems just and proper.

Dated:  August 11, 2014

Respectfully submitted,

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: /s/ David L. Elkind
David L. Elkind (Bar No. 1931864)
Kristi Singleton (Bar No. 467927)
1152 15th Street, NW
Washington, DC  20005
(202) 339-8400

Attorneys for Plaintiff National
Railroad Passenger Corporation